Conde T. Cox, OSB #090977
conde@lawofficeofcondecox.com
Law Office of Conde Cox
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: (503) 535-0611
Co-Counsel/Bankruptcy Counsel for Melissa Papen

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>PEAK WEB, LLC,<br>           Debtor<br><br>PEAK WEB, LLC,<br>           Plaintiff<br><br>v.<br><br>WINTHROP RESOURCES CORP., et.al.,<br>           Defendants | Bankruptcy Case No. 16-32311-pcm11<br>(Chapter 11)<br><br>Adv. No. 16-03075-pcm<br><br>**MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND RELATED PROPOSED RESTRICTIONS ON ASSET TRANSFERS BY DEBTOR'S INDIVIDUAL PRINCIPAL**<br><br>**HEARING DATE:  AUGUST 3, 2016**<br>**1:30 P.M.** |

NOW COMES Melissa Papen, interested party, and hereby files this Memorandum Regarding Domestic Relations Support and Related Proposed Restrictions on Individual Asset Transfers by Jeffrey Papen, individual principal and CEO of Peak Web, LLC, Debtor-In-Possession, ("Peak" or "Debtor"), and shows as follows:

Page 1–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS
SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

LAW OFFICE OF CONDE COX
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon  97204
Office Phone 503.535.0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

# TABLE OF CONTENTS

                                                                                           Page

TABLE OF AUTHORITIES    3

I. FACTUAL BACKGROUND    4
    A. The Debtor's Individual Principal, Jeffrey Papen, and His Spouse, Melissa
       Papen, Are Parties In a Pending Divorce Proceeding    4
    B. Jeffrey Papen Has Taken the Position In The Divorce That He Can Not Pay
       Himself a Salary As CEO of Peak, Thereby Avoiding Payment of Regular
       Temporary Support To Melissa And Their Two Minor Children    4
    C. The Only Source of Domestic Support for Melissa and The Children Is From
       The Sale and Use of The Individuals' Assets    6
    D. Under ORS 107.093, Asset Transfer Restrictions are Already In Place    7

II. SECTION 105 INJUNCTIONS ISSUED TO PROTECT INDIVIDUAL GUARANTORS
ARE NOT TYPICALLY CONDITIONED ON THE IMPOSITION OF ASSET TRANSFER
RESTRICTIONS    7

III. THE IMPOSITION BY THIS COURT OF ASSET TRANSFER RESTRICTIONS
BEYOND THOSE ALREADY IMPOSED BY THE STATUTORY STAY OF ORS 107.093
WOULD CREATE CONFUSION IN THE DIVORCE CASE    8

IV. CONGRESS HAS CLEARLY INDICATED THAT DOMESTIC SUPPORT
OBLIGATION PROCEEDINGS SHOULD NOT BE AFFECTED BY BANKRUPTCY
FILINGS    9
    A. Not Even A Hypothetical Bankruptcy Filing By Jeffrey Papen Would Impose
       a Stay Against Establishment or Collection of Domestic Support    10

V. TO THE EXTENT THAT THIS COURT DOES IMPOSE ADDITIONAL
RESTRICTIONS ON TRANSFER OF THE INDIVIDUAL PRINCIPAL'S ASSETS,
THEN USE OF SUCH ASSETS TO PAY DOMESTIC SUPPORT SHOULD
CONSTITUTE AN EXECEPTION, AND/OR THIS COURT SHOULD REQUIRE
THAT CEO JEFFREY PAPEN PAY HIMSELF A REASONABLE SALARY FOR THE
EXPLICIT PURPOSE OF PROVIDING A SOURCE OF DOMESTIC SUPPORT    10

CONCLUSION    11

CERTIFICATE OF SERVICE    12

Page 2–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS
SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535-0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

# TABLE OF AUTHORITIES

Cases                                                               Pages

*In Re Excel Innovations, Inc.*, 503 F.3d 1086 (9th Cir. 2007)      7
*In Re Fabtech Industries, Inc.*, 2010 WL 6452908 (9th BAP 2010)      8
*In Re PTI Holding, Inc.*, 346 B.R. 820 (Bankr.D.Nev. 2006)      7-8
*In Re Saxby's Coffee Worldwide, LLC*, 440 B.R. 369 (Bankr.E.D.Pa. 2009)      8
*In Re Third 89th Associates*, 138 B.R. 144 (Bankr.S.D.NY 1992)      8
*In Re WCI Cable, Inc.* 282 B.R. 457 (Bankr.D.Or. 2010)      8

Statutes & Rules
Bankruptcy Code Section 105      passim
Bankruptcy Code Section 362      8
Bankruptcy Code 362(b)(2)      8
Bankruptcy Code Section 503(c)      5
Bankruptcy Code Section 523(a)(5)      9
Bankruptcy Code 523(a)(15)      9
Bankruptcy Code Chapter 7      9
Bankruptcy Code 1115(a)(2)      10
Bankruptcy Code 1306(a)(2)      10
Oregon Revised Civil Statutes, Section 107.093      passim

Treatises
Collier On Bankruptcy, ¶1108.01, et seq., and ¶503.06[7][b] (16th ed.)      4

Page 3–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS
SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535-0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

I. FACTUAL BACKGROUND

A. The Debtor's Individual Principal, Jeffrey Papen, and His Spouse, Melissa Papen, Are Involved In A Pending Divorce Proceeding

Currently pending in Multnomah County Circuit Court is a divorce proceeding between Jeffrey Papen and his spouse Melissa Papen, Case No. 15DR9251, ("the divorce case"). The divorce case has been assigned to be heard by Reference Judge Dale Koch, (formerly the Presiding Judge for Multnomah County Circuit Court). There are two minor children born of the marriage, and Melissa Papen, as a home-maker and full-time mother, has been awarded by Judge Koch temporary custody of both children.

B. Jeffrey Papen Has Taken the Position In The Divorce That He Can Not Pay Himself A Salary As CEO of Peak, Thereby Avoiding Payment of Regular Temporary Support For Melissa And Their Two Minor Children

During the divorce proceedings, Jeffrey Papen has taken the position that he can not pay himself a normal reasonable salary for his services as CEO of Peak, despite his insistence to this Court in this adversary matter that he is working full time to support the business and reorganization needs of Peak in this case. Indeed, in paragraph 20 of the Complaint filed initiating this adversary matter, it is s alleged that Mr. Papen has been required to devote his "complete and total time and attention" to the business needs of Peak during its reorganization. During the recent creditors' meeting for this case, Mr. Papen testified that he is paying himself only his monthly health insurance premiums of approximately $1,600, and no other salary or compensation, even though the CFO for Peak, Lisa Bunday, testified at the creditors' meeting that she is being paid a salary of $250,000 per year by Peak for her services.

It is Melissa Papen's position in this matter that Mr. Papen can certainly pay himself a reasonable salary as CEO, consistent with the long standing practice in reorganization cases, so

Page 4–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535.0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

long as such a salary is reasonable and is paid within the ordinary course of business. Indeed, the CEO of every Chapter 11 Debtor (as well as all other employees of every Chapter 11 Debtor), whether it is Peak or Texaco or General Motors or Delta Airlines, is entitled to collect a reasonable salary for services rendered. And for the reason that corporate governance for this Debtor remains as it was prior the filing of this case, Mr. Papen, as the owner of 80% of the LLC membership interests and as the managing member, can certainly decide as the controlling member to pay himself a reasonable salary without approval from creditors or this Court; of course, such a salary would be fully disclosed in the Debtor's monthly reports and other filings, thereby allowing creditors, the Office of the U.S. Trustee, and ultimately this Court, the opportunity to review and examine the propriety of any such salary. *See* Collier On Bankruptcy, ¶1108.01, et seq., and ¶503.06[7][b] (16th ed.) .

Indeed, the practice of paying 'retention bonuses,' in excess of a reasonable salary, to hard working individuals employed by Chapter 11 Debtors, has developed in recent decades, and the Congress therefore recently (under BAPCPA, enacted in 2005) added Section 503(c) to the Code, to require that Bankruptcy Courts oversee and approve the payment of such retention bonuses that are to be paid over and above reasonable salaries as an inducement for Debtor-In-Possession employees 'not to run from a sinking ship.' Consequently, the payment of a reasonable salary for a CEO is within the ordinary course of business for a Chapter 11 Debtor, and the payment of bonuses, beyond merely reasonable salaries, is also contemplated under the Code. In the divorce case, the issue raised by Melissa Papen has simply been whether Mr. Papen can pay himself a regular reasonable salary, as is paid to Ms. Bunday, as Peak's CFO. Mr. Papen has taken the position that he cannot be paid anything at all by Peak, other than the cost of his health insurance premiums.

Page 5–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535-0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

Notwithstanding such protestations by Melissa Papen in the divorce case that Mr. Papen certainly can collect a reasonable salary as CEO of Peak, Mr. Papen has refused to take a salary from which temporary domestic support can be paid to the wife for her support and for the support of their two minor children, over whom she now holds custody.

C. <u>The Only Source of Domestic Support for Melissa and The Children Is From The Sale And Use of The Individuals' Assets</u>

As a consequence of the fact that Mr. Papen has so far succeeded in his efforts to avoid taking a salary from which he could pay domestic support for Melissa and their children, the parties and the Divorce Court have relied upon sale and use of existing marital assets from which to generate funds to pay household expenses and domestic support. Judge Koch has accordingly entered a Protocol in the divorce case, under which real property is to be managed and listed and sold.

Melissa Papen asserts that Jeffrey Papen has undertaken an unreasonable position in this Chapter 11 case and in the divorce case regarding the non-payment of a salary to Mr. Papen. Simply stated, Mr. Papen can be paid a reasonable salary in the ordinary course of business by the entity that he controls that is now in Chapter 11. Consequently, Melissa Papen suggests to this Honorable Court that it be clarified, as part of this proceeding regarding a Section 105 stay and related possible restrictions on the transfer of the Papen's individual assets, that Mr. Papen can and should be paid a reasonable salary and that such payment should provide in part the basis for payment by Jeffrey of support to Melissa and the children. In the absence of payment of a reasonable salary to Mr. Papen as CEO of Peak, no further restrictions on the transfer of the his individual assets should be imposed by this Court, because without such a reasonable salary, only the existing marital assets can provide a basis for support of Melissa Papen and her two

Page 6–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535.0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

minor children.

### D. Under ORS 107.093, Asset Transfer Restrictions are Already in Place

Pursuant to ORS 107.093, upon commencement of the divorce case, a statutory stay was imposed, prohibiting the sale or transfer of the marital assets until such time that the divorce court can determine how such assets should be divided. Consequently, a stay limiting the Papens' ability to sell or transfer assets is already in place, with the Divorce Court (Judge Koch) exercising control over such marital assets and how they are to be used.

### II. SECTION 105 INJUNCTIONS ISSUED TO PROTECT INDIVIDUAL GUARANTORS ARE NOT TYPICALLY CONDITIONED ON THE IMPOSITION OF ASSET TRANSFER RESTRICTIONS

The undersigned counsel has searched the entire Westlaw database for reported decisions in bankruptcy cases in every Circuit and at every court level, in an attempt to review when and how and on what basis restrictions on the transfer of assets has been made a condition of the entry of a Section 105 stay to protect individual guarantors from collection efforts of creditors during the pendency of the primary obligor's reorganization case. That search located not one reported case that imposed such a restriction on asset transfer as a condition for the imposition of a non-debtor stay.

Many of the most well-known Bankruptcy Court jurists have written published decisions on the topic of injunctions entered under Section 105 to protect individual principals from guaranty collection efforts, as has the Ninth Circuit, and none require or even mention the imposition of a condition that assets not be transferred by the individual principals protected by the stay. *E.g., In Re Excel Innovations, Inc.*, 503 F.3d 1086 (9thCir. 2007); *In Re PTI Holding, Inc.*, 346 B.R. 820 (Bankr.D.Nev. 2006)(Markell, BJ); *In Re Fabtech Industries, Inc.*, 2010 WL 6452908 (9thBAP 2010); *In Re Third 89th Associates*, 138 B.R. 144 (Bankr.S.D.NY 1992)

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535.0611

(Burton Lifland, BJ). *Cf. In Re WCI Cable, Inc.* 282 B.R. 457 (Bankr.D.Or. 2010)(Dunn, BJ).

One reported case did required that the individual principal's assets be disclosed to creditors, but there was no requirement or even discussion in that case about imposing restrictions against transfers. *In Re Saxby's Coffee Worldwide,LLC*, 440 B.R. 369 (Bankr.E.D.Pa. 2009). In this case, all assets of Mr. Papen constitute martial assets and have been disclosed and listed in the divorce case.

It would therefore be somewhat unusual for this Court to impose restrictions on the use or transfer of assets owned by the individual principal, even with the imposition of a Section 105 stay.

### III. THE IMPOSITION OF ASSET TRANSFER RESTRICTIONS BEYOND THAT IMPOSED BY STATUTE UNDER ORS SECTION 107.093 WOULD CREATE CONFUSION IN THE DIVORCE CASE

In part in the interests of comity and in part to avoid future obfuscation and confusion in the divorce case, Melissa Papen requests that this Court not impose restrictions on the transfer of marital assets that are already the subject of the Oregon statutory stay under ORS 107.093. To expand such restrictions beyond the existing Oregon statutory restrictions, as administered by Judge Koch, would likely lead to confusion over which Court can or should exercise control over the marital estate in the divorce case. And, in a case such as this wherein the husband has taken the position that he must work full time as CEO of Peak without a salary, restrictions upon asset transfer or use will without question have a definite and negative impact upon what has been to date the sole source of domestic support for the wife and the minor children in the divorce case.

### IV. CONGRESS HAS CLEARLY INDICATED THAT DOMESTIC SUPPORT OBLIGATION PROCEEDINGS SHOULD NOT BE AFFECTED BY BANKRUPTCY FILINGS

The automatic stay of Bankruptcy Code Section 362 does not apply to state court

Page 8–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535-0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

proceedings relating to the "establishment or modification of an order for domestic support," or to collection of such support against non-estate property, or to the withholding of income that is property of the estate (or income that is not property of the estate), or to the interception of a tax refund. Bankruptcy Code Section 362(b)(2).

Further, the Congress has also made non-dischargeable all domestic support obligations (under Bankruptcy Code Section 523(a)(5)), as well as any other obligation owed to a spouse or to a child that ordered to be paid by a divorce court or under a separation agreement (Section 523(a)(15)).

In short, Congress has indicated that bankruptcy cases should not interfere with the unfettered payment of support to spouses and children, such as Melissa Papen and her minor children. Such a clear indication of congressional intent should not be countermanded solely by reason of the filing by an LLC such as Peak under Chapter 11 or by reason of the imposition of a Section 105 stay to protect the individual principal---especially when that principal, as here, has taken the untenable position that he can not be paid a reasonable salary as CEO; such a reasonable salary, which would be substantial, should be paid by Peak in this case to its CEO Papen, and that salary would provide in part a source of the payment of domestic support for the spouse and minor children. So long as that salary for whatever reason is not paid to Mr. Papen by this Debtor, the martial assets are the only source for payment of domestic support.

    A. <u>Not Even A Hypothetical Bankruptcy Filing By Jeffrey Papen Individually Would Impose a Stay To Prevent Collection of Spousal and Child Support</u>

Even if Jeffrey Papen were to seek protection individually as a Debtor under the Bankruptcy Code, the stay imposed by Section 362 would not apply to deprive Melissa Papen of domestic support ordered for her benefit and for the benefit of her minor children. Nor would

Page 9–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535.0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

the stay of Section 362 under such a hypothetical filing by Jeffrey Papen preclude collection of such domestic support obligations from his salary or his tax refunds, even if he were to file individually under Chapter 13 or Chapter 11, because the stay does not apply to prevent such collection from the Debtor's income that may constitute property of the estate under recent amendments to the Code found in Sections 1115(a)(2) and 1306(a)(2).

Accordingly, to the extent that Mr. Papen continues to succeed with his assertion that he can not be paid a reasonable salary by Peak, and to the extent that marital assets may restricted by this Court in this adversary matter to preclude transfer or use of such assets to provide support for Melissa Papen and her children, then the clear congressional intention not to allow the commencement of a bankruptcy case to interfere with the payment and provision of such support would be circumvented.

V. <u>TO THE EXTENT THAT THIS COURT DOES IMPOSE ADDITIONAL RESTRICTIONS ON TRANSFER OF THE INDIVIDUAL PRINCIPAL'S ASSETS, THEN USE OF SUCH ASSETS TO PAY DOMESTIC SUPPORT SHOULD CONSTITUTE AN EXCEPTION, AND/ OR THIS COURT SHOULD REQUIRE THAT CEO JEFFREY PAPEN PAY HIMSELF A REASONABLE SALARY FOR THE EXPLICIT PURPOSE OF PROVIDING A SOURCE OF DOMMESTIC SUPPORT</u>

In the event that this Court does impose restrictions upon the use or transfer by Jeffrey Papen of his assets, Melissa Papen respectfully requests that this Honorable Court determine that any domestic support obligations or other amounts ordered by the Divorce Court be paid to Melissa Papen or for the benefit of the minor children be excepted from any such restrictions on the use or transfer of Mr. Papen's assets. Alternatively, Melissa Papen requests that the Debtor be encouraged or even ordered by this Court pay to Mr. Papen a reasonable salary for his efforts as CEO of Peak, from which salary domestic support may be provided to his wife Melissa and their minor children. Such a reasonable salary should be paid in an amount not less than the

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535-0611

amount currently paid by Peak to its CFO.

CONCLUSION

Melissa Papen asks that no restrictions be placed upon the use or transfer of marital assets owned by Jeffrey Papen that are now under the jurisdiction of the Oregon Divorce Court and that are subject to the statutory stay arising under ORS 107.093. Alternatively, Melissa Papen asks that if any such restriction on the use or transfer of assets is imposed that it not apply to the use of such assets to pay domestic support to Melissa and her minor children. Melissa Papen also asks that this Court take appropriate measures to ensure that Jeffrey Papen is paid by the Debtor Peak a reasonable salary as CEO, for the purpose of allowing the divorce proceeding to rely in part upon such salary as a source of payment of domestic support.

Dated this 27th day of July, 2016.

Respectfully submitted,

LAW OFFICE OF CONDE T. COX

\s  Conde T. Cox
Conde T. Cox, OSB #090977
Bankruptcy Counsel/Co-Counsel for Melissa Papen

CO-COUNSEL:
DOMESTIC RELATIONS COUNSEL FOR MELISSA PAPEN:
Eric Larson
Paige DeMuniz
Shawn Menashe
GEVURTZ, MENASHE, LARSON & HOWE, P.C.
115 NW First Ave., Suite 400
Portland, Oregon  97209
Phone (503) 227-1515

Page 11–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon  97204
Office Phone 503.535-0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum was served on July 27th, 2016, via this Court's CM/ECF electronic system upon all counsel of record and parties requesting special notice in the above-captioned adversary proceeding, and on the same date by email delivery to the following additional counsel known to have participated in the divorce case and related matters:

S. Ward Greene, at ward.greene@greenemarkley.com

William Larkins, at wlarkins@lvklaw.com

Eric Larson, at elarson@gevurtzmenashe.com

Paige DeMuniz, at pdemuniz@gevurtzmenashe.com

Shawn Menashe, at smenashe@gevurtzmenashe.cox

Mark McCulloch, at mmculloch@fwwlaw.com

Margot Seitz, at mseitz@fwwlaw.com

David Gearing, at david.gearing@grmfamilylaw.com

Mary Jo Heston, at hestonm@lanepowell.com

Brad T. Summers, at tsummers@balljanik.com

Dated this 27th day of July, 2016.

\s Conde T. Cox
Conde T. Cox

Page 12–MEMORANDUM BY MELISSA PAPEN REGARDING DOMESTIC RELATIONS SUPPORT ISSUES AND PROPOSED ASSET TRANSFER RESTRICTIONS

**LAW OFFICE OF CONDE COX**
*Attorney at Law*
1001 SW Fifth Avenue, Suite 1100
Portland, Oregon 97204
Office Phone 503.535.0611

Case 16-03075-pcm    Doc 30    Filed 07/27/16